**LAW OFFICES OF STEVEN G. SANDOVAL, P.C.**

Suite 1008 Transamerica Building
177 North Church Avenue
Tucson, Arizona 85701
(520) 624-9788

Steven G. Sandoval
State Bar No. 10106, PCC No. 50756
Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARIA MARGARITA RIVERA and ROBERT C. RIVERA, wife and husband, <br><br> Plaintiffs, <br><br> vs. <br><br> JEFF STOVER and CAROLINE STOVER, husband and wife, CITY OF TUCSON, a body politic, CITY OF TUCSON POLICE DEPT. POLICE CHIEF RICHARD MIRANDA, JOHN AND JANE DOES 1-5, FICTITIOUS DEFENDANTS <br><br> Defendants. | NO. CIV 07-109-TUC-RCC <br><br> **PLAINTIFFS' MOTION IN LIMINE RE DECEDENT'S CRIMINAL RECORD** |

COME NOW Plaintiffs, Maria Margarita Rivera and Robert C. Rivera, by through counsel undersigned, and submit their Motion in Limine for exclusion of evidence.

### SUMMARY OF FACTS

Throughout discovery in this matter, Defendants have had occasion to discover some past criminal history on behalf of the decedent.   Plaintiffs respectfully request that said criminal history background be precluded from admission into evidence during the hearing for several reasons including, but not limited to, irrelevance and undue prejudice.

### LAW

Plaintiffs request that the Court exclude any reference to decedent's past criminal history for the following reasons.

1. **Relevancy under Federal Rules of Evidence, Rule 401.**  Plaintiffs claims arise out of 42 U.S.C. § 1983 for the unlawful use of deadly force and violation of decedent's civil rights. Plaintiffs allege that decedent was wrongfully and intentionally killed by Officer Stover

1   during the incident.  What is relevant is what the witnesses observed at the time of the

2   incident, not what decedent's background was.  The analysis for the trier of fact is

3   restricted to whether Officer Stover had a right to use deadly force under the

4   circumstances on that date.  It is irrelevant whether Defendants would like to paint

5   decedent as a past criminal based upon his history.

6       Therefore, Plaintiffs respectfully request this Court exclude any admission of

7   decedent's criminal history and any reference thereto as irrelevant.

8   2.  **Prejudicial evidence under Federal Rules of Evidence, Rule 403.**  Plaintiffs further

9   request that this Court exercise its discretion under FRE 403 to exclude any evidence of

10  decedent's past criminal history as being unduly prejudicial.  The probative value of using

11  said information is substantially outweighed by the danger of undue prejudice to Plaintiffs.

12  The fact that decedent may have had a past run in with the law is irrelevant in the trier of

13  fact's analysis of whether Officer Stover was justified in using deadly force on the date he

14  killed decedent.  There is a substantial chance that the trier of fact will be unduly

15  influenced and Plaintiffs' greatly prejudiced by disclosing this information at trial.  The

16  better thought and the more fitting presentation of the facts would be to focus solely on

17  what the officer and other witnesses observed on the date of the incident.

18      For those reasons, Plaintiffs respectfully request that the Court exclude the admission

19  of any of decedent's criminal history at trial.

20  Respectfully submitted this 29th day of January, 2010.

21              LAW OFFICES OF STEVEN G. SANDOVAL, P.C.

22

23          By:_____/s/_____

24              Steven G. Sandoval
                Attorney for Plaintiffs

25  I certify that on the 29th day of January, 2010
    I electronically transmitted a PDF version of this document
26  to the Clerk of the Court, using the CM/ECF System
    for filing, and that I e mailed a copy of this document to:

27

28

1

Daryl A. Audilett, Esq.
Kimble, Nelson, Audilett & Kastner, P.C.

2

335 N. Wilmot, Ste. 500
Tucson, AZ 85711-2636

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28