IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Margarita Rivera and Robert C. Rivera, as wife and husband, ,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>Jeff Stover and Caroline Stover, as husband and wife,<br><br>　　　　　　Defendants. | No. CV 07-109-TUC-RCC<br><br>**ORDER** |

Pending before the Court are Motions in Limine filed by both parties. Docket #69, 70, 71. Both parties have responded. The Court now rules.

**1. Background**

Plaintiffs filed a 42 U.S.C. §1983 claim against the City of Tucson and Officer Jeff Stover. Plaintiffs allege that Defendant Officer Stover recklessly, negligently, or intentionally shot and killed Deangelo Rivera. Plaintiffs allege that Defendant Stover's actions violated the decedent Deangelo Rivera's Fourth Amendment right. Plaintiffs also claim that Defendant Officer Stover violated state tort law when he killed the decedent. Plaintiffs allege that as result of Officer Stover's actions they have been inflicted with emotional distress.

**2. Legal Standard**

A motion in limine is a request for the Court's guidance concerning an evidentiary question. Judges have broad discretion when ruling on motions in limine. *Kelly v. City of*

*Oakland*, 198 F.3d 779, 786 (9th Cir. 1999). To exclude evidence on a motion in limine, the evidence must be inadmissable on all potential grounds.

"Federal Rule of Evidence 401 defines 'relevant evidence' as that which has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *U.S. v. W.R. Grace*, 504 F.3d 745, 759(9th Cir. 2007)(quotations omitted). "Rule 402 provides that relevant evidence is admissible, except as limited by the Constitution, statutes, or other rules of evidence." *Id*. "Rule 403 provides a balancing test for the exclusion of relevant evidence on the grounds of prejudice: relevant evidence may be excluded if 'probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury....' *Id*.

**3. Discussion**

*A. Officer Stover's Prior Termination and Reinstatement*

Defendants' filed a Motion in Limine to preclude Plaintiffs from mentioning Officer Stover's prior termination and reinstatement with the Tucson Police Department. Defendants contend this evidence is barred by Federal Rules of Evidence 404(b), 403, and 402.

Rule 404(b) states "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed.R.Evid.404(b). However, it may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id*.

"Other Act" evidence is admissible under the Rule 404(b) if the "other act" (1) has sufficient evidence to support a finding by the jury that the defendant committed the similar act; (2) is not too remote in time; (3) proves a material issue in the case; and (4) is similar to the offenses charged. *Duran v. City of Maywood*, 221 F.3d 1127, 1133-34 (9th Cir. 2000). "Even if all four conditions are met, the evidence may still be excluded if under Rule 403, the probative value of the evidence is substantially outweighed by the danger of unfair prejudiced. *Id* at 1134.

Plaintiffs argue that Officer Stover's past history with the Tucson Police Department indicates a pattern of over aggressiveness and tendency to abuse individuals. Plaintiffs contend this evidence demonstrates Officer Stover's motive, opportunity, intent, preparation, plan, knowledge in his intentionally killing. However, Officer Stover's assault charge does not meet the four conditions. Plaintiffs request this Court to admit evidence of a dismissed assault charge that is over ten years from this killing of the decedent. This Court finds this evidence is too remote from the current dispute. As Plaintiffs' counsel stated during oral arguments this case is limited to the day of the decedent's death. This evidence may be admissible if Plaintiffs alleged a negligent hiring charge against the City of Tucson and the Tucson Police Department but the Plaintiffs failed to assert such claim. Furthermore, this Court find that even if this evidence was admissible under the Rule 404(b) exception, this Court finds that probative value is substantially outweighed by the danger of unfair prejudice.

*B. Officer Stover's Prior Shooting of a Latino Male*

On September 29, 2005, Officer Stover shot and killed a Latino male, Miguel Kovrig, through the course of his duty. At the time of the shooting, Mr.Kovrig was armed and refused to drop his weapon. Mr. Kovrig moved to point his gun at the officers at the scene of the event, when Mr. Johnston and Mr. Stover shot their weapons, but Mr. Johnston missed. This incident lead to a lawsuit that is currently being litigated in Superior Court. Defendants request this Court to preclude any evidence or mention of the Kovrig shooting because it is barred under Federal Rules of Evidence, Rule 404(b) and 402.

Defendants contend that Plaintiffs are not allowed to used the Kovrig shooting to "try and prove or argue that Officer Stover's conduct in that shooting was unreasonable and that Officer Stover acted in conformance therewith at the time of the Rivera Shooting." Def. Mot. 3.

Applying the test mentioned in previous section, Plaintiffs must show that the "other act" has sufficient evidence to support a finding that the defendant committed a similar act. Here, Plaintiff is unable to show the prior shooting was an unreasonable use of force because the record shows that the Tucson Police Department Shooting Board of Inquiry and the County

Attorney's Office independently investigated this event and concluded that Officer Stover's actions were reasonable and within policy. Therefore, this Court finds that the record does not support a finding that Officer Stover's prior act is similar to the one at issue in the present case.

*C. Officer Stover's Subsequent Shooting of a Hispanic Male*

On May 26, 2007, Officers Stover and Currier shot and killed Walter Canez. This shooting lead to a legal dispute in federal courts. *See Canez v. Stover*, 08-cv-356-CKJ. On the night of May 25, Officer Currier was informed by a Circle K security guard that Mr. Canez was pointing a gun at passing cars and pedestrians. *See* Court Order on Mot. Summ. J., 08-cv-356-CKJ. Currier requested for additional officers to check the area. Officer Stover arrived to the scene to assist Currier. *Id.* Currier and Stover attempted to make contact with Canez. *Id.* Currier saw the handles and frames of two guns between Canez's front waistband and his tucked in shirt. Id. Currier stated that he drew his weapon ,along with Stover, and ordered Canez to drop the phone and put his hands up. Id. Currier reported that Canez reached for his guns. *Id.* Both officers fearing for their life and the safety of others shot and killed Mr. Canez. *Id.* The Pima County Attorney's Office and Tucson Police Departments Shooting Board of Inquiry performed two independent investigations and concluded that the officers had acted in self defense and that the shooting was legal. *Id*.

Based on this evidence, the Plaintiffs are unable to show that the record can support a finding that Officer Stover's prior act is similar to the one at issue in the present case. Therefore, Plaintiffs are precluded from using this evidence.

*D. Officer Stover's arrest of Jesus Soto*

Plaintiffs intend to introduce testimony from Jesus Soto. Mr. Soto intends to testify that Officer Stover pistol whipped him during an arrest on April 11, 2003. Plaintiffs intend to use this evidence to paint the picture that Officer Stover has a strong propensity and history for violence against third parties.

Defendants contend that this evidence should be precluded because it is not relevant, inadmissible use of character evidence, and highly prejudicial. This Court finds that Mr. Soto's testimony lacks any indica of reliability because Mr. Soto did not file a complaint after the incident. The Court finds that this incident's probative value is substantially outweighed by prejudice against Officer Stover. Therefore, this Court precludes this evidence.

*E. Opinion that Officer Stover has a pattern or propensity for violence against Hispanic Males*

Defendants contend that Plaintiffs' counsel should precluded from attempting to elicit from a witness or argue to the jury that Officer Stover has a history, pattern or propensity of violence towards Hispanic males. Defendants contend that Rule 404(b) prohibits this character evidence when it is offered as circumstantial evidence to infer conduct at the time of the shooting of Mr. Rivera.

Plaintiffs contend that Officer Stover's past uses of force are a material fact. Plaintiffs contend the evidence is not an opinion but a matter of fact that Officer STover used deadly force against a Latino male. In light of the Court's ruling regarding Officer Stover's previous use of force, Plaintiffs are precluded from using this argument.

*F. Inability to obtain Officer Stover's pre-employment records*

Defendants request this Court to preclude Plaintiffs from speaking to their inability to obtain Officer Stover's pre-employment records. Given, the Court has previously ruled that Plaintiffs are not entitled to these documents, Plaintiffs are precluded from making a reference to such ruling.

*G. Tucson Police Department's Post-Shooting Investigation*

At this time, this Court will take this motion in limine under advisement given the Court has granted Plaintiffs' counsel the opportunity to depose the forensic expert in the coming week.

*H. Question Form Objection*

- 5 -

1 Defendants request this Court to preclude Plaintiffs' counsel from "eliciting mere
2 possibilities" throughout this trial. The Court finds this motion in limine inappropriate.
3 However, the Court reminds both parties that they a have duty to conduct the examination
4 of witnesses appropriately.

5 *I. Drug or Alcohol Testing Results*

6 Plaintiffs request this Court to exclude the admission into evidence any drug or alcohol
7 testing and results. After reviewing both parties briefs and oral arguments, the Court is
8 inclined to deny Plaintiffs' request because it may be relevant to the events that took
9 place the night of the decedent's death. But the Court will exercise its discretion to rule
10 on this motion during trial after hearing testimony of the parties at the scene and
11 witnesses on this issue.

12 *F. Decedent's Criminal Record*

13 Plaintiffs request this Court to exclude the admission into evidence any mention of
14 decedent's past criminal history because it is not relevant. Defendants conceded during
15 oral arguments that the decedent's past criminal history is not relevant to the question of
16 liability. This Court agrees with Plaintiffs that this evidence is not relevant to whether
17 Officer Stover used excessive force when he shot and killed the decedent. The Court
18 agrees with Defendants that this evidence is relevant to this issue of damages only.
19 Therefore, this Court will preclude Defendants' from using this evidence during the
20 liability phrase of the trial. However, this evidence is admissible during the damages
21 phase.

25 **4. Conclusion**

26 Based on the reasoning above this Court grants in part and deny in pant
27 Defendants' Motions in Limine.(Doc. #69, 70, 71). This Court takes Plaintiffs' motion in
28 limine under advisement consistent with the reasoning above. Therefore,

- 6 -

1 **IT IS HEREBY ORDERED** that the evidence regarding Officer Stover's Prior Termination and Reinstatement is precluded.

2 **IT IS FURTHER ORDERED** that *evidence of Officer Stover's Prior Shooting of a Latino Male* is precluded.

3 **IT IS FURTHER ORDERED** that evidence of Officer Stover's Subsequent Shooting of a Hispanic Male is precluded

4 **IT IS FURTHER ORDERED** that testimony of Jesus Soto is precluded.

5 **IT IS FURTHER ORDERED** that the Defendant's motion to preclude Opinion that Officer Stover has a pattern or propensity for violence against Hispanic Males is denied.

6 **IT IS FURTHER ORDERED** that Plaintiffs are precluded from mentioning their inability to obtain Officer Stover's pre-employment records.

7 **IT IS FURTHER ORDERED** that the Court takes under advisement Defendants' Motion in Limine regarding the Tucson Police Department's Post-Shooting Investigation.

8 **IT IS FURTHER ORDERED** that the Court denies Defendant's Question Form Objection.

//
//
//
//
//

**IT IS FURTHER ORDERED** that the Court takes under advisement Plaintiffs' Motion in limine regarding the Decedent's drug or alcohol testing results.

**IT IS FURTHER ORDERED** that the Court precludes the use of the decedent's criminal record during the liability phase of the trial. Decedent's criminal record may be used during the damages phase of trial.

DATED this 22nd day of February, 2010.

_____
Raner C. Collins
United States District Judge