# KIMBLE, NELSON, AUDILETT & KASTNER, P.C.

335 NORTH WILMOT, SUITE 500
TUCSON, ARIZONA 85711-2636
(520) 748-2440/FAX (520) 748-2469
Email: daa@audilettlaw.com

Daryl A. Audilett, Esq.
State Bar No. 009007; PCC No. 2036
Attorney for Defendants Stover

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE STATE OF ARIZONA

| | |
|---|---|
| MARIA MARGARITA RIVERA and ROBERT C. RIVERA, as wife and husband,<br><br>Plaintiffs,<br><br>v.<br><br>JEFF STOVER and CAROLINE STOVER, as husband and wife,<br><br>Defendants. | **NO. CV-07-109-TUC RCC**<br><br>**DEFENDANTS' REQUESTED JURY INSTRUCTIONS** |

Defendants submit the following requested Jury Instructions.

DATED this 2nd day of March, 2010.

KIMBLE, NELSON, AUDILETT & KASTNER, P.C.

/s/ Daryl A. Audilett

Daryl A. Audilett, Esq.
Attorney for Defendants Stover

Copy of the foregoing mailed this
2nd day of March, 2010 to:

Steven G. Sandoval, Esq.
SANDOVAL & ST. CLAIR, P.L.C.
177 N. Church Avenue, Suite 1008
Tucson, AZ 85701
**Attorney for Plaintiffs**

By     MLS
#0841

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

1   **Defendants' Requested Jury Instruction # 1**

2

3       Ladies and gentlemen: You are now the jury in this case.  It is my duty to

4   instruct you on the law.

5       These instructions are preliminary instructions to help you understand the

6   principles that apply to civil trials and to help you understand the evidence as you listen

7   to it.  You will be allowed to keep this set throughout the trial to which to refer.  This set

8   of instructions is not to be taken home and must remain in the jury room when you

9   leave in the evenings.  At the end of the trial, I will give you a final set of instructions.

10  It is the final set of instructions which will govern your deliberations.

11      You must not infer from these instructions or from anything I may say or do as

12  indicating that I have an opinion regarding the evidence or what your verdict should be.

13      It is your duty to find the facts from all the evidence in the case.  To those facts

14  you will apply the law as I give it to you.  You must follow the law as I give it to you

15  whether you agree with it or not.  And you must not be influenced by any personal likes

16  or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the

17  case solely on the evidence before you.  You will recall that you took an oath to do so.

18      In following my instructions, you must follow all of them and not single out some

19  and ignore others; they are all important.

20

21  **Authority:**

22

23  Ninth Circuit Manual of Model Jury Instructions Civil, 1.1A Duty of Jury.

24

25

26

27

28

2

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

1    **Defendants' Requested Jury Instruction # 2**

2

3        To help you follow the evidence, I will give you a brief summary of the positions

4 of the parties:

5        The Plaintiffs Maria Rivera and Robert Rivera claim that Defendant Tucson

6 Police Department Officer Jeff Stover shot and killed their son Deangelo Rivera without

7 justification.  The Plaintiffs have the burden of proving these claims.

8        The Defendant Jeff Stover denies those claims and contends that the shooting

9 was justified.

10

11    **Authority:**

12

13        Ninth Circuit Manual of Model Jury Instructions Civil, 1.2 Claims and Defenses

14 as modified.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

**Defendants' Requested Jury Instruction # 3**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

**Authority:**

Ninth Circuit Manual of Model Jury Instructions Civil, 1.4 Burden of Proof - Clear and Convincing Evidence.

4

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

**Defendants' Requested Jury Instruction # 4**

The evidence you are to consider in deciding what the facts are consists of:

1.    The sworn testimony of any witness;

2.    The exhibits which are received into evidence; and

3.    Any facts to which the lawyers have agreed.

**Authority:**

Ninth Circuit Manual of Model Jury Instructions Civil, 1.6 What is Evidence.

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

**Defendants' Requested Jury Instruction # 5**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Authority:**

Ninth Circuit Manual of Model Jury Instructions Civil, 1.10 Ruling on Objections.

6

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

**Defendants' Requested Jury Instruction # 6**


In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.


**Authority:**


Ninth Circuit Manual of Model Jury Instructions Civil, 1.11 Credibility of Witnesses.

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

**Defendants' Requested Jury Instruction # 7**

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the bailiff to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

**Authority:**

Ninth Circuit Manual of Model Jury Instructions Civil, 1.12 Conduct of the Jury.

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

**Requested Jury Instruction # 8**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**Authority:**

Ninth Circuit Manual of Model Jury Instructions Civil, 1.13 No Transcript Available to Jury.

9

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

**Requested Jury Instruction # 9**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**Authority:**

Ninth Circuit Manual of Model Jury Instructions Civil, 1.14 Taking Notes.

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

**Requested Jury Instruction # 10**

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness.  You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness.  If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court.  Do not sign the question.  I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror.  This might happen either due to the rules of evidence or other legal reasons.  Do not give undue weight to questions you or other jurors proposed.  You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so.  It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

**Authority:**

Ninth Circuit Manual of Model Jury Instructions Civil, 1.15 Questions to Witnesses by Jurors.

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

**Requested Jury Instruction # 11**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Authority:**

Ninth Circuit Manual of Model Jury Instructions Civil, 1.18 Bench Conferences and Recesses.

12

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

**Requested Jury Instruction # 12**

Trials proceed in the following way: First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the Defendants may cross-examine.  Then the defendant may present evidence and counsel for the Plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Authority:**

Ninth Circuit Manual of Model Jury Instructions Civil, 1.19 Outline of Trial.

13

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

**Requested Jury Instruction # 13**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Authority:**

Ninth Circuit Manual of Model Jury Instructions Civil, 2.4 Deposition in Lieu of Live Testimony as modified.

14

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

1  **Requested Jury Instruction # 14**

2

3     You may be asked to listen to a tape recording that has been received in

4  evidence.  Please listen to it very carefully.  You may be given a transcript of the

5  recording to help you identify speakers and as a guide to help you listen to the tape.

6  However, bear in mind that the tape recording is the evidence, not the transcript. If you

7  hear something different from what appears in the transcript, what you heard is

8  controlling.  After the tape has been played, the transcript may be taken from you.

9

10  **Authority:**

11

12     Ninth Circuit Manual of Model Jury Instructions Civil, 2.5 Transcript of tape

13  Recording as modified.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

**Requested Jury Instruction # 15**


Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.


**Authority:**


Ninth Circuit Manual of Model Jury Instructions Civil, 2.11 Expert Opinion.

16

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

**Requested Jury Instruction # 16**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Authority:**

Ninth Circuit Manual of Model Jury Instructions Civil, 3.1 Duty to Deliberate.

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

**Requested Jury Instruction # 17**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**Authority:**

Ninth Circuit Manual of Model Jury Instructions Civil, 3.2 Communication with the Court.

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

**Requested Jury Instruction # 18**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**Authority:**

Ninth Circuit Manual of Model Jury Instructions Civil, 3.3 Return of Verdict.

19

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

**Requested Jury Instruction # 19**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses deadly force without having probable cause to believe the person poses an imminent threat of death or serious bodily injury to the officer or to others.  Thus, in order to prove an unreasonable seizure in this case, the Plaintiff must prove by a preponderance of the evidence that the officer did not have probable cause to believe the Plaintiff posed an imminent threat of death or serious bodily injury to the officer or to others.

"Deadly force" is force that creates a substantial risk of causing death or serious bodily injury.

A police officer has "probable cause" when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the Plaintiff poses an imminent threat of death or serious bodily injury to the officer or to others.

In determining whether the defendant had probable cause to use deadly force, consider all of the circumstances known to the officer at the time, including:

1.   The severity of the crime or other circumstances to which the officer was responding;

2.   Whether the Plaintiff posed an immediate threat to the safety of the officer or to others;

3.   Whether the Plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4.   The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary.

20

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

1  **Authority:**

2

3      Ninth Circuit Manual of Model Jury Instructions Civil, 9.23 Particular Rights -

4  Fourth Amendment - Unreasonable Seizure of Person - Deadly Force as modified.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

**Defendants' Requested Jury Instruction # 20**

Maria Margarita Rivera and Robert C. Rivera claim that Tucson Police Officer Stover was at fault.  Defendant Tucson Police Officer Jeff Stover claims Deangelo Rivera was at fault.

Fault is negligence that was a cause of Deangelo Rivera's death.

Negligence is the failure to use reasonable care.  Negligence may consist of action or inaction.  Negligence is the failure to act as a reasonable careful person would act under the circumstances.

**Authority:**

Revised Arizona Jury Instructions (Civil), 4th Edition, Fault 5 Statement of Claims, Definition of Fault. Definition of Negligence (Comparative Fault) as modified.

22

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

**Defendants' Requested Jury Instruction # 21**

Before you can find any party at fault, you must find that party's negligence was a cause of Plaintiff's injury.

Negligence causes an injury if it helps produce the injury, and if the injury would not have happened without the negligence.  There may be more than one cause of an injury.

**Authority:**

Revised Arizona Jury Instructions (Civil), 4th Edition, Fault 6 Definition of Causation (Comparative Fault).

23

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

**Defendants' Requested Jury Instruction # 22**

Plaintiffs must prove:

1.    Defendant Jeff Stover was at fault;

2.    Maria Margarita Rivera and Robert C. Rivera were injured; and

3.    Maria Margarita Rivera and Robert C. Rivera's damages.

Defendants must prove:

1.    Deangelo Rivera was at fault.

**Authority:**

Revised Arizona Jury Instructions (Civil), 4th Edition, Fault 7 Burden of Proof (All Parties)(Comparative Fault) as modified.

24

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

**Defendants' Requested Jury Instruction # 23**

If you find that Defendant was not at fault, then your verdict must be for Defendant.

If you find that the Defendant was at fault, then the Defendant is liable to Plaintiffs and your verdict must be for Plaintiffs.  You should then determine the full amount of Plaintiffs' damages and enter that amount on the verdict form.  You should then consider Defendant's claim that Plaintiff was at fault.

**Authority:**

Revised Arizona Jury Instructions (Civil), 4th Edition, Fault 8 Statement of Liability Issues (Comparative Fault) as modified.

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

**Defendants' Requested Jury Instruction # 24**

On Defendant's claim that Plaintiff Deangelo Rivera was at fault, you must decide whether Defendant has proved that Deangelo Rivera was at fault and, under all the circumstances of this case, whether any such fault should reduce Plaintiffs' full damages.  These decisions are left to your sole discretion.

If you decide that Deangelo Rivera's  fault should reduce Plaintiffs' full damages, the court will later reduce those damages by the percentage of fault you have assigned to Plaintiffs.

**Authority:**

Revised Arizona Jury Instructions (Civil), 4th Edition, Fault 9 Plaintiff's Fault (Contributory Negligence) as modified.

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

1 **Defendants' Requested Jury Instruction # 25**

2

3      Defendants claim that Deangelo Rivera was at fault by assuming the risk of

4 injury.  A person assumes the risk of injury when he has knowledge of a particular risk,

5 appreciates its magnitude, and voluntarily subjects himself to the risk under

6 circumstances that show his willingness to accept that particular risk.

7      As to this claim, Defendants must prove:

8      1.      Deangelo Rivera assumed a particular risk of injury; and

9      2.      The particular risk was a cause of Deangelo Rivera's death.

10      You must decide whether Defendants have proven that Deangelo Rivera was

11 at fault by assuming the risk of injury and, under all the circumstances of this case,

12 whether any such fault should reduce Plaintiff's full damages.  These decisions are left

13 to your sole discretion.

14      If you apply the defense of assumption of the risk, the court will later reduce

15 Plaintiffs' full damages by the percentage of fault you have assigned to Deangelo

16 Rivera.

17

18 **Authority:**

19

20      Revised Arizona Jury Instructions (Civil), 4th Edition, Fault 10 Plaintiff's Fault

21 (Assumption of the Risk) as modified.

22

23

24

25

26

27

28

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

**Defendants' Requested Jury Instruction # 26**

If you decide that Deangelo Rivera's fault should reduce Plaintiff's damages, you must then determine the relative degrees of fault of all those whom you find to have been at fault.

The relative degrees of fault are to be entered on the verdict form as percentages of the total fault for Deangelo Rivera's death.

The fault of one person may be greater or lesser than that of another, but the relative degrees of all fault must add up to 100%.  This will be clear from the verdict form.

**Authority:**

Revised Arizona Jury Instructions (Civil), 4th Edition, Fault 11 Determining Relative Degrees of Fault (Comparative Fault) as modified.

28

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

**Defendants' Requested Jury Instruction # 27**

In determining whether a person acted with reasonable care under the circumstances, you may consider whether such conduct was affected by an emergency.

An "emergency" is defined as a sudden and unexpected encounter with a danger, which is either real or reasonably seems to be real.  If a person, without negligence on his or her part, encountered such an emergency and acted reasonably to avoid harm to self or others, you may find that the person was not negligent.  This is so even though, in hindsight, you feel that under normal conditions some other or better course of conduct could and should have been followed.

The existence of a sudden emergency and a person's reaction to it are only some of the factors you should consider in determining what is reasonable conduct under the circumstances.

**Authority:**

Revised Arizona Jury Instructions (Civil), 4th Edition, Negligence 6 Sudden Emergence.

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

**Defendants' Requested Jury Instruction # 28**

Plaintiffs claim that Defendants intentionally or recklessly caused them emotional distress.  On this claim, Plaintiffs must prove:

1. Defendant Tucson Police Officer Jeff Stover's conduct was extreme and outrageous; and
2. Defendant Tucson Police Officer Jeff Stover's conduct was either intentional or reckless; and
3. Defendant Tucson Police Officer Jeff Stover's conduct caused Plaintiffs to suffer severe emotional distress.

Conduct is "intentional" if a person's objective is to cause emotional distress.

Conduct is "reckless" if a person is aware of and disregards the near certainty that it would result in emotional distress.

**Authority:**

Revised Arizona Jury Instructions (Civil), 4th Edition, Intentional Torts 16 Intentional Infliction of Emotional Distress (Elements of Claim) as modified.

30

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

**Defendants' Requested Jury Instruction # 29**

"Extreme and outrageous" means conduct that a reasonable member of the community would regard as atrocious and beyond all possible bounds of decency.

A person's conduct is outrageous if:

1.  Defendant knew that Plaintiff was particularly susceptible to emotional distress;

2.  Defendant's' conduct was not privileged or Defendants had no legitimate business purpose for its conduct; and

3.  Defendant abused a position or relationship with the Plaintiff which gave the Defendant actual or apparent authority over the Plaintiff, such as an attempt to extort money by a threat of arrest.

**Authority:**

Revised Arizona Jury Instructions (Civil), 4th Edition, Intentional Torts 17 Intentional Infliction of Emotional Distress (Extreme and Outrageous Conduct).

Rivera v. City of Tucson
District Court Case No. CV 07-109-TUC-RCC

**Defendants' Requested Jury Instruction # 30**

    You the jury may find the Defendant Tucson Police Officer Jeff Stover not liable if the Defendant Jeff Stover proves that DeAngelo Rivera was under the influence of an intoxicating liquor or drug and as a result of that influence DeAngelo Rivera was at least 50% responsible for the event that caused DeAngelo Rivera's death.

**Authority:**

    A.R.S. § 12-711 as modified.