**LAW OFFICES OF STEVEN G. SANDOVAL, P.C.**
Suite 1008 Transamerica Building
177 North Church Avenue
Tucson, Arizona 85701
(520) 624-9788

Steven G. Sandoval
State Bar No. 10106, PCC No. 50756
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARIA MARGARITA RIVERA and ROBERT C. RIVERA, wife and husband, <br><br> Plaintiffs, <br><br> vs. <br><br> JEFF STOVER and CAROLINE STOVER, husband and wife, CITY OF TUCSON, a body politic, CITY OF TUCSON POLICE DEPT. POLICE CHIEF RICHARD MIRANDA, JOHN AND JANE DOES 1-5, FICTITIOUS DEFENDANTS <br><br> Defendants. | NO. CIV 07-109-TUC-RCC <br><br><br> **PLAINTIFFS JURY INSTRUCTIONS** |

Plaintiffs submit the following requested Jury Instructions.

Respectfully submitted this 5th day of March, 2010.

                LAW OFFICES OF STEVEN G. SANDOVAL, P.C.


                By:_____/s/_____
                          Steven G. Sandoval
                          Attorney for Plaintiffs

I certify that on the 5th day of March, 2010
I electronically transmitted a PDF version of this document
to the Clerk of the Court, using the CM/ECF System
for filing, and that I e mailed a copy of this document to:

Daryl A. Audilett, Esq.
Kimble, Nelson, Audilett & Kastner, P.C.
335 N. Wilmot, Ste. 500
Tucson, AZ 85711-2636

**1.2   CLAIMS**

To help you follow the evidence, I will give you a brief summary of the positions of the parties.

The Plaintiffs claim that On or about February 15, 2006, Deangelo Rivera was recklessly, negligently and/or intentionally shot and killed by Defendant Jeff Stover in front of Serena Hernandez. Defendant, Jeff Stover all acted negligently, recklessly or intentionally on that date and prior to that date by failing to stop Defendant Stover and other officers at the scene from protecting Plaintiffs and Deangelo Rivera.

On or about August 8, 2006, Plaintiffs provided the Defendants with a Notice of Claim pursuant to A.R.S. §§ 12-821 and 12-821.01.

The Plaintiffs have the burden of proving these claims.

### 1.6    WHAT IS EVIDENCE?

The evidence you are to consider in deciding what the facts are consist of:

1. The sworn testimony of any witness;
2. The exhibits which are received into evidence; and
3. Any facts to which the lawyers have agreed.

Maria Margaret Rivera and Robert C. Rivera, et ux. v. Jeff Stover, et al.
Case No. : CV 07-109-TUC RCC

- 3 -

**1.7   WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, and at other times in intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

**2.4   DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the trust and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of David Martinez was taken on 08/22/08. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

## 2.11   EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Comment**

*See*, Fed.R.Evid. 602, 701-05.

### 5.1   DAMAGES – PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiffs, you must determine the Plaintiffs' damages. The Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonable and fairly compensate the Plaintiffs for any injury you find was caused by the Defendant. You should consider the following:

Lost wages,  Loss of fringe benefits,  Funeral expenses, Front pay,   Pain and suffering, Humiliation, Emotional distress, Loss of Affection and Companionship, and Punitive damages

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Also see,

5.2 Measures of Types of Damages

5.5 Punitive Damages

9.1 Section 1983 Claim – Introductory Instruction

9.1 Section 1983 Claim against Defendant in Individual Capacity – Elements and Burden of Proof

9.22 Particular Rights–Fourth Amendment-Unreasonable Seizure of Person–Excessive (Deadly and Nondeadly) Force