IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

```
                                      ┌────────────────────────────┐
                                      │ FILED _____      LODGED   │
                                      │ RECEIVED _____   COPY     │
                                      │                            │
                                      │   MAR 16, 2010             │
                                      │                            │
                                      │  CLERK U S DISTRICT COURT  │
                                      │    DISTRICT OF ARIZONA     │
                                      │ BY_____ DEPUTY│
                                      └────────────────────────────┘
```

MARIA MARGARITA RIVERA,      )
 ET VIR.                     )
                             )
                Plaintiffs,  )
                             )
        vs                   )          NO: CV-07-109-TUC-RCC
                             )
                             )
                             )
JEFF STOVER, ET UX, ET AL.,  )
                             )
                Defendants,  )
_____)


CLOSING

JURY    INSTRUCTIONS

AS GIVEN BY THE COURT

ON: ___3 — 16 – 2010___

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

The evidence you are to consider in deciding what the facts are consists of:

1.      The sworn testimony of any witness;

2.      The exhibits which are received into evidence; and

3.      Any facts to which the lawyers have agreed.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case and any bias or prejudice;

(5)   whether other evidence contradicted the witness's testimony;

(6)   the reasonableness of the witness's testimony in light of all the evidence; and

(7)   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Doctor  Lawrence Gould and Retired Chief Ben Click were presented as expert witnesses.

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

The plaintiff brings this claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

In order to prevail on his § 1983 claim against the defendant Jeff Stover, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. The defendant acted under color of law; and

2. The acts of the defendant deprived the plaintiff of his] particular rights under the laws of the United States as explained in later instructions.

A person acts under color of law when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  I instruct you that the defendant acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under the Instruction for excessive force, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses deadly force without having probable cause to believe the person poses an imminent threat of death or serious bodily injury to the officer or to others. Thus, in order to prove an unreasonable seizure in this case, the Plaintiff must prove by a preponderance of the evidence that the officer did not have probable cause to believe the Plaintiff posed an imminent threat of death or serious bodily injury to the officer or to others.

"Deadly force" is force that creates a substantial risk of causing death or serious bodily injury.

A police officer has "probable cause" when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the Plaintiff poses an imminent threat of death or serious bodily injury to the officer or to others.

In determining whether the defendant had probable cause to use deadly force, consider all of the circumstances known to the officer at the time, including:

1.      The severity of the crime or other circumstances to which the officer was responding;

2.      Whether the Plaintiff posed an immediate threat to the safety of the

officer or to others;

3.      Whether the Plaintiff was actively resisting arrest or attempting to

evade arrest by flight;

4.      The amount of time and any changing circumstances during which

the officer had to determine the type and amount of force that

appeared to be necessary.

Maria Margarita Rivera and Robert C. Rivera claim that Tucson Police Officer Stover was at fault. Defendant Tucson Police Officer Jeff Stover claims Deangelo Rivera was at fault.

Fault is negligence that was a cause of Deangelo Rivera's death.

Negligence is the failure to use reasonable care. Negligence may consist of action or inaction. Negligence is the failure to act as a reasonable careful person would act under the circumstances.

Before you can find any party at fault, you must find that party's negligence was a cause of Plaintiff's injury.

Negligence causes an injury if it helps produce the injury, and if the injury would not have happened without the negligence. There may be more than one cause of an injury.

**Plaintiffs must prove:**

1. **Defendant Jeff Stover was at fault;**

2. **Maria Margarita Rivera and Robert C. Rivera were injured; and**

3. **Maria Margarita Rivera and Robert C. Rivera's damages.**

**Defendants must prove:**

1. **Deangelo Rivera was at fault.**

In determining whether a person acted with reasonable care under the circumstances, you may consider whether such conduct was affected by an emergency.

An "emergency" is defined as a sudden and unexpected encounter with a danger, which is either real or reasonably seems to be real. If a person, without negligence on his or her part, encountered such an emergency and acted reasonably to avoid harm to self or others, you may find that the person was not negligent. This is so even though, in hindsight, you feel that under normal conditions some other or better course of conduct could and should have been followed.

The existence of a sudden emergency and a person's reaction to it are only some of the factors you should consider in determining what is reasonable conduct under the circumstances.

Plaintiffs claim that Defendants intentionally or recklessly caused them emotional distress.  On this claim, Plaintiffs must prove:

1.  Defendant Tucson Police Officer Jeff Stover's conduct was extreme and outrageous; and

2.  Defendant Tucson Police Officer Jeff Stover's conduct was either intentional or reckless; and

3.  Defendant Tucson Police Officer Jeff Stover's conduct caused Plaintiffs to suffer severe emotional distress.

Conduct is "intentional" if a person's objective is to cause emotional distress.

Conduct is "reckless" if a person is aware of and disregards the near certainty that it would result in emotional distress.

The use of deadly force by a police officer against another person is justified if the police officer reasonably believes that it is necessary to defend himself or a third person from what the police officer reasonably believes to be the use or imminent use of deadly force.

A police officer is justified in threatening or using physical force against another in making or assisting in making an arrest or detention if all of the following exist:

1.   A reasonable person would believe that such force is immediately necessary to effect the arrest or detention.

2.   Such person makes known the purpose of the arrest or detention or believes that it is otherwise known or cannot reasonably be made known to the person to be arrested or detained.

3.   A reasonable person would believe the arrest or detention to be lawful.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.

The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments - - in circumstances that are tense, uncertain, and rapidly evolving - - about the amount of force that is necessary in a particular situation.

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.